<pre>
              UNITED STATES DISTRICT COURT            FILED
                 DISTRICT OF NEW MEXICO

CAROLYNNE L. TILGA,           )                  05 FEB 10 AM 10: 20
                              )
         Petitioners,         )   Case No. _____
                              )                        CLERK-SANTA FE
     v.                       )
                              )   CIV - 0 5 - 0 1 5 3   LFG  RHS
UNITED STATES OF AMERICA,     )
                              )
         Respondent.          )
_____)
</pre>

## PETITION TO QUASH IRS SUMMONSES

COMES NOW THE PETITIONER, Carolynne L. Tilga (hereinafter "Tilga"), by and through her attorneys, The Law Office of Robert G. Bernhoft, S.C., (Attorney Robert G. Bernhoft, *pro hac vice* application pending), and respectfully petitions this Court to quash certain Internal Revenue Code summonses issued by the Department of the Treasury Internal Revenue Service (hereinafter "IRS"). The IRS summonses seek records from Third-Party Recordkeepers regarding internal revenue matters allegedly involving the Petitioner.

### JURISDICTION

The instant Petition is filed pursuant to 26 U.S.C. § 7609(b)(2), and this Court has subject matter jurisdiction over this proceeding under 26 U.S.C. § 7609(h).

### PARTIES

1.  The petitioner, Carolynne Tilga ("Tilga"), resides at 5 Puma Circle, Santa Fe, New Mexico 87501.

2.  The respondent, United States of America, and its agent, the Department of the Treasury Internal Revenue Service ("IRS"), have their offices at 2945 Rodeo Park Drive East, Santa Fe, New Mexico 87505.



1

## FACTUAL BACKGROUND

3. On January 19, 2005, the IRS issued a Summons, a true and correct copy of which is attached to the instant Petition as "Exhibit A," directing Rubin, Katz, Salazar, Alley, Rouse & Herdman, PC (hereinafter the "Rubin Law Firm"), located at 123 E. Marcy, Suite 200, Sante Fe, New Mexico 87501, to appear and produce a multiplicity of records and documents allegedly relating to the Petitioner.

4. The Rubin Law Firm of Santa Fe, New Mexico is a Third-Party Recordkeeper located within this district.

5. The Petitioner was "noticed" of the Rubin Law Firm summons on January 19, 2005.

6. On some recent date, the IRS also allegedly issued a Summons directing accountant Norman Lester to appear and produce a multiplicity of records and documents allegedly related to the Petitioner. It is unknown to Petitioner Tilga when this summons was issued or what records were requested, because she was not "noticed" of the summons as required by 26 U.S.C. § 7609(a)(1). (*See* Declaration of Robert G. Bernhoft, hereinafter "Bernhoft Decl.", ¶¶ 5-6.)

7. On information and belief, Norman Lester is a Third-Party Recordkeeper within this district.

## ALLEGATIONS

8. Although the summonses served upon the Rubin Law Firm and accountant Norman Lester purport to pertain to internal revenue matters allegedly involving Tilga, the summonses fail to otherwise identify the nature, cause, and character of the IRS investigation of

2

Tilga, out of which investigation the summonses were presumably issued. The IRS, therefore, has failed to demonstrate that the investigation of Tilga has a legitimate purpose.

9. Furthermore, the IRS division issuing the summonses to both the Rubin Law Firm and accountant Norman Lester is the Criminal Investigation Division, and there is no evidence thus far that a prosecution referral to the U.S. Department of Justice Tax Division is not in effect, or that the IRS is not institutionally committed to make such a referral for prosecution, if not already in effect.

10. The information the IRS allegedly seeks from the Rubin Law Firm is covered by the attorney-client privilege, and the summons should be quashed on that basis alone.

11. The IRS has failed to follow all required administrative and statutory steps by failing to serve Tilga with notice of the summons to accountant Norman Lester, as mandated by 26 U.S.C. § 7609(a)(1), and the Lester Summons should be accordingly quashed.

## **MEMORANDUM OF LAW IN SUPPORT OF PETITION TO QUASH**

A United States District Court reviews an administrative summons issued under the authority of the Internal Revenue Code according to the standards set out in *United States v. Powell*, 379 U.S. 48 (1964). In order to grant enforcement of such a summons, the court must find from all facts that: (1) the investigation has a legitimate purpose; (2) the information sought may be relevant to that purpose; (3) the IRS does not already have the information; and (4) the IRS has followed the statutory requirements for issuing a summons. *See United States v. Balanced Financial Management, Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985) (citing *Powell*, 379 U.S. at 57-58). Significantly, however, "the taxpayer may challenge the summons on any appropriate grounds" including failure to satisfy the *Powell* requirements or abuse of the court's process. *United States v. Riewe*, 676 F.2d 418, 420 (10th Cir. 1982) (citing *Reisman v. Caplin*,

3

375 U.S. 440, 449 (1964)). This would include a failure to satisfy the *Powell* requirements or abuse of the court's process. *See United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc).

Importantly for the instant Petition, "Congress has provided protection from arbitrary or capricious action by placing the federal courts between the Government and the person summoned." *United States v. Michaud*, 907 F.2d 750, 751 (7th Cir. 1990) (en banc) (quoting *United States v. Bisceglia*, 420 U.S. 141, 151 (1974)). This interpositional duty requires quashing or denying enforcement of a summons when the IRS acts in bad faith or attempts to abuse the court's process. *See id.* And as the Court instructed in *Powell*: "Such an abuse [of process] would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or put pressure on him to settle a collateral dispute, *or for any purpose reflecting on the good faith of the particular investigation.*" *Powell*, 379 U.S. at 58 (emphasis added). Here, an evidentiary hearing is properly convened and the Summonses quashed for the reasons set out below.

I.   **The IRS Failure to Comply with Statutory Requirements – Lester Summons**

In the case of Norman Lester, the IRS failed to comply with the statutory requirements for issuing a third-party "civil" summons. *See* 26 U.S.C. § 7609(a)(1)-(2). The Internal Revenue Code requires that all persons or entities identified in a Third-party Recordkeeper summons regarding whom records are sought be given notice. *See* 26 U.S.C. § 7609(a)(1). Lester is an accountant, and therefore a Third-party Recordkeeper within the meaning of the quashal statutory schema. *See* 26 U.S.C. § 7603(b)(2)(F). Petitioner Tilga was not noticed of the summons, however, and the Lester Summons must therefore be quashed – anything less would constitute an abuse of this court's process. (*See* Bernhoft Decl., ¶¶ 5-6.)

4

## II. The Documents Requested in the Law Firm Summons are Protected by the Attorney-Client Privilege – the Rubin Law Firm Summons

The Rubin Law Firm summons demands "[a]ll records relative to financial transactions . . . and any other related entity." *See* Ex. A. Furthermore, almost each and every section of the summons attachment begins with "Any and all records . . . ." relating to the particular section of legal representation the IRS wishes to probe. *Id.* Finally, the IRS Criminal Investigation Division Special Agent included a "catch-all" section entitled "Other Services". In that section, the IRS seeks "Records revealing the details of any other services performed by you or your firm." *Id.*

The Rubin Law Firm Summons was issued in bad faith because it unabashedly commands the production of Tilga's entire client file, including privileged communications between Tilga and her lawyers at the Rubin Law Firm and other documents covered by the attorney-client privilege. The IRS seeks information that even a Grand Jury could not obtain under its plenary subpoena power. Given the nature of the attorney-client privilege, the IRS summons must be strictly construed: "The privilege extends . . . to the substance of matters communicated to an attorney in professional confidence." *United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974).

Petitioner Tilga has not waived the privilege with respect to any documents in the possession of the Rubin Law Firm, and she consequently seeks quashal of the summons in whole part. (*See* Bernhoft Decl., ¶ 4.) Alternatively, Tilga requests that the Rubin Law Firm be ordered to produce all potentially responsive documents in that firm's possession, along with a "privilege log", to her undersigned attorneys only, so that the privilege attaching to the documents can be preserved and defended, with an *in camera* or evidentiary proceeding convened, as necessary, to resolve any disputes while protecting the attorney-client privilege.

WHEREFORE, for all the foregoing reasons, the Petitioner, Carolynne L. Tilga, respectfully requests: (1) an order from this Court QUASHING the controversial IRS Summons that allegedly exists with regard to accountant Norman Lester; and (2) an order from this court QUASHING the controversial IRS summons to the Rubin Law Firm, or alternatively, ordering that firm to produce all potentially responsive documents in that firm's possession, along with a "privilege log", to her undersigned attorneys only, so that the privilege attaching to the documents can be preserved and defended.

Respectfully submitted on this the 7th day of February, 2005.

The Law Office of Robert G. Bernhoft
Attorneys for the Petitioner

*[signature]*

Robert G. Bernhoft, Esquire
*Pro Hac Vice* application pending

207 East Buffalo Street, Suite 600
Milwaukee, Wisconsin 53202
(414) 276-3333  telephone
(414) 276-2822  facsimile
rgbernhoft@bernhoftlaw.com